Maurice LOVEJOY and Mellene Rivers,
Plaintiffs-Appellants,

v.

George D. WEESE,
Defendant-Respondent.

No. 48285.

Missouri Court of Appeals,
Eastern District,
Division One.

April 16, 1985.

Maurice Lovejoy, Mellene Rivers, pro se.

George D. Weese, pro se.

GAERTNER, Judge.

This tale of two $100.00 money orders has wended a tortuous path to this court through small claims court and trial de novo in the circuit court.[1] In the trial de novo, the mandate of § 482.310(3), to conduct proceedings in an informal manner, was certainly observed. As a result, the transcription of the electronically recorded hearing reflects almost chaotic disorder. The parties, the witnesses and the judge consistently seem to be interrupting each other. The transcript is replete with incomplete sentences, with unanswered questions, with two witnesses answering one

1. In the spirit of the obvious legislative intent that the Small Claims Court Law, §§ 482.300–482.365, RSMo.1978, be construed so as to further its purposes of adjudicating matters involving less than $1,000.00 in an informal manner, we elect to overlook the precise requirements of the Rules of Appellate Procedure.

question, and with references to unidentified documents and persons. Circuit and associate circuit judges on trial de novo of a small claim will not be in violation of the statutory mandate of informality if they insist upon such minimal requirements of orderly procedure as permitting only one person to speak at a time, in requiring plaintiffs to present all of their evidence first, then the defense and such rebuttal and surrebuttal as may be appropriate and by identifying on the record the various speakers and documents described. Informality does not require disregard of orderly procedure.

The disorder of the transcript only compounds the confusing set of facts giving rise to this litigation. Plaintiffs purchased a $100.00 money order from defendant's store. They made the money order payable to one Evans and gave it to him in payment for some painting services. Evans attempted to cash the money order at defendant's store a few hours later. Defendant refused to cash the money order and called the police who took possession of the document.

Defendant's actions were precipitated by an incident related to him by one of his employees. The employee sold a $100.00 money order that same afternoon to one Ammerson. Ammerson returned to the counter in a matter of seconds or minutes and reported that he had lost the money order. The employee remembered the purchase and gave Ammerson another $100.00 money order. A stop payment order was then posted on the first money order issued to Ammerson. The cash register tape reflected this to be # 4971. Unfortunately, the money order purchased by plaintiffs and given to Evans was numbered 4971.

Plaintiffs' money order was taken from Evans by the police and later returned to defendant. Plaintiffs paid Evans a different $100.00 and brought this action in small claims court.

The money orders were not presented to the trial court, nor are they before us. However, plaintiffs advised the trial court they had a receipt for their money order and have filed with this court a copy of a receipt for a $100.00 money order numbered 4971. In the trial court defendant produced the cash register tapes which reflect the amount of each money order purchased and the identifying number of each sequentially. The trial judge noted duplicate numbers on the tape and in response to her inquiry about the duplication defendant's employee stated "it happened to be a coincidence, your honor," while the defendant himself stated, "the machine wasn't functioning property (sic). There was something wrong with—there was something wrong with the fancy numbering."

Despite this admission regarding the duplication of numbers on the tape, defendant adopted the position that the dispute over the rightful ownership of a single money order was between plaintiffs and Ammerson. By the judgment in favor of defendant, the trial court apparently accepted this contention. We reverse.

That the money order purchased by plaintiffs was a negotiable instrument is undisputed. § 400.3–104, RSMo. 1978. Evans, designated by plaintiffs as the payee of the instrument, became a holder in due course when he accepted the money order in payment for services. § 400.3–302. As such, Evans was entitled to payment upon presentment of the order to defendant. § 400.3–413(1). Defendant, who presented no evidence, to refute Evans' status as a holder in due course, wrongfully dishonored the instrument by refusing payment. § 400.3–507. Even though plaintiffs could not reacquire the instrument from Evans upon paying him the $100.00 because the money order had been seized by the police, plaintiffs, by this payment, became entitled to assert all of Evans' rights against defendants because of the dishonor. § 400.3–603(2). Defendant's election to dishonor the money order when presented by plaintiff's designated payee in favor of crediting Ammerson's story of losing the money order was done at defendant's risk. The fact that the sequential numbering system showed the sale of two money orders with the same

number clearly points out the error of defendant's election.

The judgment of the trial court is unsupported by any evidence and is an erroneous application of the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Pursuant to the authorization of Rule 84.14, it is hereby ordered that the judgment of the trial court is reversed and judgment is entered in favor of plaintiffs and against defendant in the sum of $100.00 plus costs.

PUDLOWSKI, P.J., and KAROHL, J., concur.